No. 2,293.

A. B. PRESTON *et als.*, RESPONDENTS, *v.* SONORA LODGE, No. 10, I. O. O. F., APPELLANT.

MECHANICS' LIEN ACT OF 1868.—In adjusting the conflicting rights of mortgages, material-men, laborers, etc., under the Act of 1868, "to secure the liens of mechanics and others," the rule laid down by the statute is the familiar one, in equity, that he has the better right who is first in point of time.

IDEM.—CONSTRUCTION OF WORDS "PAYMENTS" AND "CREDITS."—The words "payment and offsets" are substantially equivalent, in meaning, to the words "credits and offsets," as employed in the fifth section of the Act.

PRACTICE.—The action of the Court below, in granting or refusing an application to re-open a case for the purpose of introducing further proof, is largely a matter of discretion, and will not be reviewed by the appellate Court, except under peculiar circumstances, showing an abuse of the discretion.

APPEAL from the District Court of the Fifth District, Tuolumne County.

The case is stated in the opinion.

*Edwin A. Rodgers,* for Appellant.

WALLACE, J., delivered the opinion of the Court:

The questions made upon the appeal involve, to some extent, the construction of the Act of March 30, 1868, to secure the liens of mechanics and others.

The respondents (Bradford, who is a lumber merchant, and the others, laborers) respectively claim liens upon the Knox & Boyle quartz mine, in Tuolumne County, for materials furnished and work done about the carrying on and repair of the mine, and they, respectively, filed their claims for record within the thirty days prescribed by the fifth section of the Act. The Court below found, as a fact, that Bradford commenced furnishing lumber at seven o'clock

A. M., on January 23, 1868 (which would be some two hours and a half before the appellant's mortgage was filed for record, as will be seen hereafter), and that the respondents, Logan, Smith, McClury and Conefy (the latter two being assignors of the respondent, Preston), respectively, commenced labor on the mine at distinct periods of time from the first to the thirteenth of the same month, but that the other respondents, Scott, Zelian, Ford and Fitzgerald, did not commence work for more than one month after the 23d day of January—Scott, the earliest of them, only beginning on February 24, 1868. On the 23d of January, 1868, at 9:30 A. M., a mortgage upon this mining property, bearing date of the day before, was duly recorded in favor of the appellant, and the principal controversy here concerns the rank or position of its lien with reference to the liens asserted by the respondents. It will be observed that the statute, having given a lien to Bradford, as a material-man, at the date and upon the fact of his furnishing materials used in the repair of the property, preserved, of its own force, that lien for his benefit, from the time of such furnishing until thirty days after the completion of the repairs, upon the lapse of which time, however, his lien would be lost, unless he, in the meantime, had filed with the Recorder the claim provided for in the fifth section; and the respective liens of the other respondents, the laborers upon the mine, are acquired and preserved for the same time, and may become lost, in the same manner; these liens arising in favor of each upon the fact of labor actually commenced, preserved by the statute during the continuance of the performance, and for thirty days after its cessation, and then lost, unless within that time a claim shall have been filed.

These provisions of the law having thus fixed the rights of the statutory lien-holders *inter sese*, the Act further provides, in substance, that such liens shall be preferred to that of any mortgage subsequently attaching upon the premises or subsequently recorded. It contains, however, no provision authorizing, under any circumstances, the displacement or disturbance of a mortgage-lien once attached, nor its postponement to any lien arising at a subsequent time; nor does

it contemplate that the mortgagor and material-man, or laborer, may, as the result of a contract made between themselves, without consulting the mortgagee, *improve* the latter out of such absolute prior lien upon the premises as he may have theretofore lawfully detained.

As a general proposition of law, buildings and structures placed upon mortgaged premises, become a part of such premises, and are impressed with the lien of the mortgage.

To that general rule the statute under consideration prescribes a limited qualification, by providing that if the improvement (though it be placed on the premises subsequently to the mortgage lien) be of such a character as to be susceptible of removal therefrom, and of a separate sale, then the mortgage lien shall not be deemed to attach to such improvement, so as to defeat or interfere with the statutory lien thereon. In such case the lien of the mortgage upon the original mortgage premises is not moved from its first position, but such lien is only prevented from attaching itself upon the new improvement otherwise than in subordination to the lien of those whose labor and materials are embodied in that improvement.

In the record before us, however, there is nothing indicating, nor do we understand the respondents as claiming in argument here, that the work or repair upon this mine resulted in placing thereon any improvement of the distinctive and exceptional character just mentioned, but the respective claims of all the parties to this controversy are conceded to extend to the entire mining premises, including, of course, all the improvements thereon. In such case the rule laid down by the statute, to determine the question of priority between the appellant on the one side and the respondents together upon the other, is the familiar one, in equity, that he has the better right who is first in point of time.

As it is conceded that the respondents, Scott, Zelian, Ford and Fitzgerald, only commenced work on the premises long after (Scott, the earliest of them, fully one month after) the mortgage was recorded, the Court below erred in preferring their liens to that of the mortgage.

As to the lien of Bradford, the material-man, the Court.

found as a fact that he commenced to deliver lumber some two hours before the appellant's mortgage was filed for record, and there being some evidence, though of an exceedingly unsatisfactory character, to sustain the finding, and no evidence to the contrary, we will not, under the practice prevailing here, disturb it.

Nor are we at liberty upon this appeal to review the order of the Court refusing to allow the appellant to re-open the cause after its final submission, for the purpose of introducing further testimony against Bradford's claim. The action of the Court in granting or refusing such an application is largely a matter of discretion, and, therefore, not the subject of review here, except it be under peculiar circumstances, showing an abuse of that discretion; besides, the affidavit upon which the motion to re-open the cause was made was far from being satisfactory upon the point of due diligence upon the part of the appellant.

The correctness, as matter of fact, of the claim of the respondent, William R. Logan, for work done in extracting quartz, constructing tunnels, working shafts and running drifts, is not questioned by appellant, but it is claimed that he lost his lien upon the premises by a failure to file such a notice with the Recorder as is required by section five of the Act under consideration. By that section he was required to place upon record "a true statement of his demand, after deducting all just *credits* and offsets." This statement was filed in admitted due time and form, except that instead of the words, "*credits* and offsets," he used the words, "*payments* and offsets," and this is said to be fatal to the lien. We think that the words "payments and offsets" are substantially equivalent to the words "credits and offsets" in meaning, and that he ought not to be deprived of his lien upon a philological criticism of so flimsy a character.

It results, therefore, that the respective liens of the respondents, Preston (assignee of McClary and Conefy), Logan, Smith and Bradford, are superior to the lien held by the appellant under the mortgage, and the decree is correct as to them; but for the errors indicated in other respects it must be reversed, with costs against the respondents, Scott, Zelian,

Ford and Fitzgerald, and the cause remanded, with directions to the Court below to enter a decree not inconsistent with this opinion.

RHODES, C. J., and SPRAGUE J., expressed no opinion.