[No. 2,703.]

F. F. FUQUAY v. J. B. STICKNEY, JOHN WRIGHT, A. S. LEAVITT, P. IDE, MECHANICS' MILL AND MANUFACTURING COMPANY, D. J. STAPLES, ALPHEUS BULL, AND THE FIREMAN'S FUND INSURANCE COMPANY.

MECHANICS' LIENS, AS AGAINST HOLDER OF PRIOR TRUST DEED.—Where an insurance company loaned the owner of a lot and uncompleted building money for the purpose of finishing the building, and took from him a deed of trust conveying the fee, defeasible on the payment of the debt, and afterwards knowingly permitted the building to go on without giving notice that it would not be responsible therefor: *held*, that under section four of the Mechanics' Lien Law (Stats. 1868, p. 589), the interest in the property held by the insurance company was subject to mechanics' liens for work done and materials furnished after the making of the trust deed.

MECHANICS' LIEN LAW, SECTION FOUR—LEGISLATIVE POWER.—If the owner of land, or any one claiming an interest in it, knowingly permits buildings and improvements to be erected on it without giving notice that it is done without his consent, it is just that he should be held to have acquiesced therein, as provided in section four of the Mechanics' Lien Law (Stats. 1868, p. 589); and the power of the Legislature to enact that provision is clear.

INTEREST IN LAND CONVEYED BY TRUST DEED FOR MONEY LOANED.—A trust deed of real estate, taken by a person who loans money to the owner, defeasible on payment of the debt, is something more than a mortgage. It conveys the legal title and an interest in the land.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The deed of trust executed by the defendant Stickney to secure the loan made to him by the Fireman's Fund Insurance Company, as stated in the opinion, was made to the defendants Staples and Bull, as trustees of that company. The plaintiff and the defendants Wright, Leavitt, Ide, and Mechanics' Mill and Manufacturing Company, were the holders of mechanics' liens for work done and materials furnished after the execution of the trust deed. The defendant Stickney having made default, a decree, finding the amounts of the different liens, and for a foreclosure and sale of the prop-

erty, was entered by stipulation of the other parties.   A sale took place, and the net proceeds—four thousand four hundred and seventy-four dollars and seventy-three cents—an amount insufficient to satisfy all the claims, being brought into Court, on motion of the parties for distribution of the same, the Court ordered that the holders of the mechanics' liens should be first paid, and then the Fireman's Fund Insurance Company.   The insurance company appealed from the order.

*William H. Patterson,* for Appellant.

When the mortgage was given and recorded, all material men and workmen had been paid.   No contract was then subsisting for additional work on the building, or the furnishing of other materials; and Stickney, without the consent of the mortgagee, could not afterward create liens which would be entitled to priority over the mortgage.   (*English* v. *Foote,* 8 Sm. & Mar. 451; *Stillman* v. *Hawes,* 7 How. Miss. 423; *Farmers' Bank* v. *Winslow,* 3 Minn. 93.)   Persons who commenced work and furnished materials subsequent to the mortgage, and with knowledge of it—for it was duly recorded—must be postponed to the mortgage.   (*Crowell* v. *Gilmore,* 18 Cal. 370; *Soule* v. *Daws,* 7 Cal. 575; *Ferguson* v. *Miller,* 6 Cal. 402; *Guy* v. *Carriere,* 5 Cal. 511.)   The mortgage lien attached to the house, in its nearly completed state, as to the land; and it will not do to say the house can be severed from the lot and sold to pay subsequent mechanics' liens.   It would be impossible to sever the painters' or the carpenters' work subsequently done; and surely the mortgage must remain a lien on what existed at the time of its execution and record.   (1 McCarter, N. J. 189; 1 Oregon, 220; *Green* v. *Green,* 16 Ind. 253; *Reese* v. *Ludington,* 13 Wis. 276; *Jessup* v. *Stone,* 13 Wis. 466; 36 Penn. St. 252.)

*Taylor & Fifield, Gray & Haven,* and *L. S. Clark,* for Respondents.

The language of section four of the Mechanics Lien Law is too plain and explicit to admit of doubt in its construction, and the power of the Legislature to make the provisions therein contained cannot be doubted. The appellant certainly had an interest in the land in question. The language of the statute is comprehensive enough to embrace every sort of interest or claim whatsoever. But if it should be said that a mortgagee under our laws has no interest in the land, it is to be remembered that the appellant is not a mortgagee, but a *cestui que trust* under a trust deed, by which the entire legal estate passed into its trustees, and therefore it had an estate in the land. (*Kock* v. *Briggs,* 14 Cal. 256; *Preston* v. *Sonora Lodge,* 39 Cal. 117.) Appellant also had full knowledge of the construction of the building upon the land, and actual notice of its continued progress, but posted no notice whatsoever, in pursuance of the requirements of the statute. The law presumes, therefore, that appellant was willing to allow the construction to go on, and to subordinate its lien to the liens of the mechanics and material men who were contributing to it.

By the Court, CROCKETT, J.:

This is an action to enforce the liens of mechanics and material men, under the Act of March 30th, 1868 (Stats. 1867–8, p. 589), for labor performed and materials furnished in the construction of a building by the defendant Stickney. Whilst the building was in the process of construction, Stickney borrowed from the Fireman's Fund Insurance Company the sum of three thousand five hundred dollars, and, to secure the repayment thereof, executed a deed of

trust upon the lot of land on which the building was then being erected, and which deed, of course, included the unfinished building. At the time when the deed was made and recorded there was nothing due to the mechanics and material men, and the labor and materials for which this action is brought was all performed and furnished after that time. It is not pretended that the insurance company, when it loaned the money to Stickney, was ignorant of the fact that the building was then in the progress of erection. On the contrary, the proof tends strongly to show that the loan was made for the purpose of enabling him to complete the building. On these facts the only question raised on the appeal is, whether the mechanics and material men have a lien either upon the land and building, or upon the building alone; and if so, whether such lien is superior to that of the insurance company. In construing this statute, we held, in *Preston* v. *Sonora Lodge*, 39 Cal. 117, that "it contains no provision authorizing, under any circumstances, the displacement or disturbance of a mortgage lien once attached, nor its postponement to any lien arising at a subsequent time; nor does it contemplate that the mortgagor and material man or laborer may, as the result of a contract made between themselves without consulting the mortgagee, *improve* the latter out of such absolute prior lien upon the premises as he may have theretofore lawfully obtained."

But the fourth section of the statute provides, that if the building be erected with the knowledge of the owner of the lands or of any person having or claiming an interest therein, it shall be held to have been erected at the instance of such owner or person claiming an interest, and such interest so held or claimed shall be subject to the lien of the material man or laborer, unless the owner or claimant, within three days after he shall have obtained knowledge of the construction, alteration, or repair, or the intended alteration or repair of the building or superstructure, give notice that he

will not be responsible for the same; and the statute prescribes the method in which the notice shall be given.

In this case the proof shows that the insurance company had knowledge of the intention of Stickney to complete the building after the execution of the deed of trust, and permitted the work to proceed without giving the notice prescribed by the statute. The case is fully within the class of cases provided for in the fourth section; and I think the power of the Legislature to enact this provision is not only free from doubt but the justice and wisdom of the measure are obvious. If the owner of land, or any one claiming an interest in it, knowingly permits buildings and improvements to be erected on it without giving notice that it is done without his consent, it is eminently just that he shall be held to have acquiesced in it.

It is unnecessary in this case to decide whether a mortgagee or judgment creditor having a lien has such an interest in the land as to bring him within the rule here laid down; but my impressions are strongly to the contrary, and the question was practically decided in *Preston* v. *Sonora Lodge.* The instrument, however, taken by the insurance company from Stickney is not a mortgage, but a deed conveying the fee, defeasible on the payment of the debt. It conveys the legal title, which is to be reconveyed if the debt is paid at maturity. It is something more than a mortgage lien, and clearly conveys an interest in the land; and such being its character, it brings the case fully within the letter and spirit of the fourth section of the statute.

Judgment affirmed.

Mr. Justice TEMPLE did not participate in the foregoing decision.