# Fordham and Others' Appeal.

An owner of ground having erected part of a building, ceased. He sold the ground, all the claims for building having been paid. A judgment was entered against his vendee, who more than six months afterwards commenced again and finished the building. *Held,* that under the Act of April 28th 1840, sect. 24, the last mechanics' liens could not be carried back beyond the recommencement of the building.

March 11th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Court of Common Pleas of *Susquehanna county:* No 151, to January Term 1875.

In the distribution of the proceeds of the sheriff's sale of the real estate of H. C. Burgess and Alexander Smith.

About the 5th of September 1871, George H. Burgess, being the owner of the real estate above mentioned, commenced the erection of a building on it; he dug the cellar, laid the cellar-wall and put on the sills; this work was done between the above date and the 1st of December; he did nothing more after that time. On the 2d of March 1872, he conveyed the land to H. C. Burgess and A. Smith for $1425; he received $300 of the consideration, and the vendees gave a judgment note to William J. Mulford for $1125, that being the amount due by G. H. Burgess to Mulford, for labor and materials for the building so far as it had progressed. Judgment was entered on the note the day the deed was delivered;

all the claims against the property had been paid at the time of the transactions.

In October 1872, H. C. Burgess and Smith commenced work on the building, as it had been left by G. H. Burgess, and completed it. Mechanics' liens were entered against the building for the labor and materials furnished for H. C. Burgess and Smith. The real estate was sold under an execution on Mulford's judgment, and the proceeds of sale were brought into court for distribution. The mechanics' lien creditors of H. C. Burgess and Smith claimed that their liens had precedence of Mulford's judgment, on the ground that the building had been commenced before the judgment was entered.

The auditor reported that the amount of the mechanics' liens should be paid out of the fund in court. After exception, the court, Streeter, P. J., set aside the report of the auditor, and awarded the whole fund to Mulford, the judgment-creditor, saying in his opinion:—

"Under the Act of 1806 and Act of 1836, this claim of the mechanics could not be resisted. The American Fire Insurance Co. *v.* Pringle, 2 S. & R. 138; Holdship *v.* Abercrombie, 9 Watts 52; Pennock *v.* Hoover, 5 Rawle 291, and other cases, of like import, rule this point. But the law as settled by these cases was changed by the Act of 28th of April 1840, sect. 24, Pamph. L. 474, 1 Br. Purd. 1027, pl. 18. That act is in these words: "The lien created by the Act entitled an Act relating to the lien of the mechanics and others upon buildings, passed the 16th of June 1836, shall not be construed to extend any greater or other estate in the ground on which any building may be erected, than that of the person in possession at the time of commencing said building and at whose instance the same is erected." The draftsman of this act, doubtless contemplated that the person in possession when the building is commenced would be the same person at whose instance the building is erected. But in our case, if we hold, in accordance with Pennock *v.* Hoover, that the commencement of the building erected by Burgess and Smith goes back to the foundation laid by George H. Burgess, there is some difficulty in construing the act, so as to give force to every part of it.

"But we take it, that the Act of 1840 intended to restrict the lien of the mechanics to the estate of the person in possession, at whose instance the building was erected. The Supreme Court have said just this, in the case of Stoner *v.* Neff, 14 Wright 258. The facts in that case were not precisely like the facts in our case, and we do not find any case in the books, in which the Act of 1840 has been applied to a case exactly like ours. Although George H. Burgess laid the foundation of this building it cannot be said that it was erected at his instance. He had ceased to have any interest in the property for ten months before Burgess and Smith

[Fordham's Appeal.]

commenced work upon the building, against which these claims were filed. The building was erected at the instance of Burgess and Smith, and if we have taken the true idea of the Act of 1840, the mechanics employed by Burgess and Smith acquired a lien, commensurate with the estate held by them." * * *

Fordham and other mechanics' lien creditors appealed to the Supreme Court, and assigned for error the decree awarding the fund in court to Mulford.

*A. O. Warren* and —— *Little* for appellants, cited Pennock v. Hoover, 5 Rawle 291 ; American Fire Ins. Co. v. Pringle, 2 S. & R. 138 ; Holdship v. Abercrombie, 9 Watts 52 ; Stevenson v. Stone-hill, 5 Wharton 304 ; Hern v. Hopkins, 13 S. & R. 269.

*W. H. Jessup*, for appellee.—Bickle v. James, 7 Watts 9 ; O'Conner v. Warner, 4 W. & S. 226 ; Bruner v. Sheik, 9 W. & S. 119 ; Stoner v. Neff, 14 Wright 258 ; Jones v. Shawhan, 4 W. & S. 263 ; Finley's Appeal, 17 P. F. Smith 453 ; Church v. Griffith, 9 Barr 117.

Judgment was entered in the Supreme Court, March 22d 1875, PER CURIAM.—Burgess, the former owner of the property, commenced a building, but did no more than dig a cellar, lay the foundation, and put on the sills. Here he stopped, and paid off all claims against him for the work done. He then sold and conveyed the property in the following spring to Burgess and Smith, and ceased to have more to do with the property. More than six months afterwards, Burgess and Smith concluded to go on and erect a building on the walls left by the other Burgess, and did so. Under these circumstances, and in view of the operation of the Act of 28th April 1840, the persons engaged in the building thus put up, could not carry back the lien for work and materials beyond the time of the recommencement of the building by Burgess and Smith. There was no identity of parties, estate or contract, and no unity in the subject of the lien, to enable the liens to relate back to the first commencement of the cellar.

Judgment affirmed.