# Kelly's Appeal.

One who, with knowledge of the facts, enters into a contract to erect a building upon property which is subject to a pre-existing mortgage, cannot create a mechanic's lien upon such property to the prejudice of the mortgagee. (Britton's Appeal, 45 Pa. 172, followed.)

(Decided January 4, 1886.)

Appeal from a decree of the Court of Common Pleas, No. 1. of Allegheny County sitting in equity. Affirmed.

On September 24, 1872, George W. and Wm. McMurray conveyed to Thomas Grafton a lot of ground in Noblestown upon which was reserved a purchase-money mortgage. The following spring Isaac J. Stewart under contract with Grafton erected a building thereon and on November 13, 1873, filed against the property a mechanic's lien. A scire facias having been issued on this claim and prosecuted to judgment, the property was sold September 7, 1877, to Andrew Kelly, the appellant, to whom Stewart had assigned part of his claim, and a deed to him therefor was acknowledged, and he entered into possession. Subsequently the McMurrays caused a scire facias to be issued on their mortgage, and the property was sold on execution September 3, 1883. The bid was not paid and the sheriff returned the property unsold; whereupon Kelly filed this bill for an injunction against an execution on the McMurrays' judgment, and a decree declaring his lot free and devested from the lien of their mortgage.

The court dismissed the bill and plaintiff appealed.

NOTE.—A mechanic's lien ordinarily dates from the time of the first visible work done upon the ground. But, if work is abandoned and is subsequently recommenced, it dates from the latter time. Norris's Appeal, 30 Pa. 122; Fordham's Appeal, 78 Pa. 120; Thoma's Estate, 76 Pa. 30; Collum v. Pennsylvania Paint & Ochre Co. 185 Pa. 411, 39 Atl. 1009.

A mortgage given prior to the commencement of a building has priority to the mechanic's lien for work upon the ground bound (Lyle v. Ducomb, 5 Binn. 585), unless it be a fictitious mortgage (Thomas v. Davis, 3 Phila. 171), or one without consideration (Hess v. Coleman, 2 W. N. C. 224), or one given for advances. Act June 8, 1881 (P. L. 56); act June 4, 1901 (P. L. 431), § 13; Reed v. Kimble, 1 Del. Co. Rep. 461.

See editorial note to Wimberley v. Mayberry, 14 L. R. A. 305, for authorities as to when mechanics' liens are superior to earlier mortgages.

*John C. Bryant,* for appellant.—An assignee does not take subject to latent equities of third persons. Mott v. Clark, 9 Pa. 399, 49 Am. Dec. 566.

The question is whether or not the appellees' mortgage was devested, and the determination of it depends, not on the question of priority in fact, but on the question whether or not it appeared by the records, or by facts respecting which a purchaser was bound to inquire, to be the first lien. Magaw v. Garrett, 25 Pa. 319; Coyne v. Souther, 61 Pa. 455.

Stewart's mechanic's claim filed showed a contract made and work, etc., begun before the recording of the mortgage. It appeared to be prior to the mortgage. Even if equitably the mortgage was the superior lien, it was nevertheless devested by the sale, and the appellees could only claim out of the proceeds. Britton's Appeal, 45 Pa. 172.

Mortgages are saved from devestiture only when their lien is prior, etc., and by the act of March 28, 1820 (Purdon's Digest title, *Deeds and Mortgages,* pl. 103), no mortgage is a lien until recorded. The holder of a mortgage unrecorded has no lien but merely an equity. Britton's Appeal, 45 Pa. 172; Nice's Appeal, 54 Pa. 200; Lahr's Appeal, 90 Pa. 507.

Equity will interfere to restrain proceedings at law, wherever, through fraud, mistake, accident, or want of discovery, one of the parties in a suit at law obtains, or is likely to obtain, an unfair advantage over the other, so as to make the legal proceedings an instrument of injustice. Bispham, Eq. § 407.

Whenever a deed or other instrument exists, which may be vexatiously or injuriously used against a party after the evidence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest, and he cannot immediately protect or maintain his right by any course of proceedings at law, a court of equity will afford relief by directing the instrument to be delivered up and canceled or by making any other decree which justice or the rights of the parties may require. Martin v. Graves, 5 Allen, 601; Stewart's Appeal, 78 Pa. 88.

On complaint of the owner, an injunction will be granted to stay a sale on a mechanic's lien against his lessee as owner; although the sale would not pass the complainant's title. Houston's Appeal, 6 W. N. C. 162.

A mortgagee ought not to be suffered to affect the rights of the terre-tenants, by refusing or neglecting to make them parties. Mevey's Appeal, 4 Pa. 80.

*T. Walter Day,* for appellees.—In Nixon v. Coffin, 6 W. N. C. 489, the court says: "The mechanics and materialmen made their contract with notice of the mortgage and its amount, and the nonsuit was properly entered." See also Moroney's Appeal, 24 Pa. 372; Stoner v. Neff, 50 Pa. 258.

An unrecorded mortgage "is good and effectual as a lien against a subsequent lien creditor who had actual notice of the true state of the case." Manufacturers' & M. Bank v. Bank of Pennsylvania, 7 Watts & S. 335, 42 Am. Dec. 240.

The knowledge given to Stewart should have put him upon inquiry; in judgment of law it was notice, and inquiry became a duty to him who was about to become a creditor. He was given notice of the existence of a purchase-money mortgage, at a time beyond which his lien could not possibly by any stretch of the imagination date back. Jaques v. Weeks, 7 Watts, 261; Parke v. Neeley, 90 Pa. 52; Butcher v. Yocum, 61 Pa. 168, 100 Am. Dec. 625; Mulliken v. Graham, 72 Pa. 484; Phillipsburg Sav. Bank's Appeal, 10 W. N. C. 265; Steckel v. Desh, 12 W. N. C. 130, 2 Pennyp. 311.

The commonest example of an encumbrance assumed in an oral contract by the person interested in the property upon which the charge rests is that of guaranty of a mortgage by the purchaser of the land subject thereto; such an engagement is not within the statute of frauds, and the purchaser may, by word of mouth, bind himself personally to pay the mortgage debt. 1 Reed, Stat. Fr. p. 138, notes c and g; Burke v. Gummey, 49 Pa. 519; McClellan v. Sanford, 26 Wis. 609.

The consideration of Kelly's promises was one running directly to him from the promises. The agreement was entered into by Kelly for his own benefit, for the purpose of protecting his interest in the property covered by the mortgage. It was an arrangement with the McMurrays for delay in enforcing their lien on Kelly's land. Prime v. Koehler, 77 N. Y. 93.

The promises of Kelly constituted a new contract on a valuable consideration. Arnold v. Stedman, 45 Pa. 188; Hodgins v. Heaney, 15 Minn. 194, Gil. 142; Hodgkins v. Jackson, 7 Bush, 343.

By his promises to pay the mortgage debt, he made the debt his own. Morris v. Oakford, 9 Pa. 499; Taylor v. Preston, 79 Pa. 443; Malone v. Keener, 44 Pa. 109.

Forbearance on the part of the McMurrays is sufficient consideration. Silvis v. Ely, 3 Watts & S. 420; Johnes v. Potter, 5 Serg. &. R. 521.

PER CURIAM:

The master found as a fact that although some work had been done on the cellar before the mortgage was recorded, yet all work thereon had been suspended, and the person who did the same had been paid off and discharged. The work was not resumed until some six months thereafter, and then under a new contract made with the appellant's assignor, after the mortgage had been recorded. These facts would seem to so break the continuity of the work as to prevent the appellant from connecting this work with that which had been abandoned so long before, under the authority of Fordham's Appeal, 78 Pa. 120. Still further, the master found that when the assignor entered into the contract he had knowledge of the existence of this mortgage, and so had the appellant when he took the assignment of the claim; hence, neither of them can assert the claim to the prejudice of the mortgagee. Britton's Appeal, 45 Pa. 172.

Decree affirmed and appeal dismissed, at the costs of the appellant.