C. L. Pierce & Company *v.* Security Trust Company, Liberty Building and Loan Association, Wilmington Morris Plan Bank.

(June 30, 1934.)

Layton, C. J., Rodney and Reihhardt, J. J., sitting.

*Horace G. Eastburn* for Liberty Building and Loan Association.

*W. Reese Hitchens* for Wilmington Morris Plan Bank.

*James M. Malloy* for Security Trust Company.

*C. Stewart Lynch* for creditors in mechanics' lien proceedings.

Superior Court for New Castle County, No. 114, November Term, 1933.

LAYTON, C. J., delivering the opinion of the Court:

The question is whether the holders of the judgments obtained in mechanics' lien proceedings may share in the distribution of the fund upon the theory that the value of the building is severable from the value of the land upon which it was erected.

*Section 4282, Revised Code* 1915, provides that,

"A judgment shall bind lands only from the time of actually entering, or signing it.   *   *   *"

*Section* 3764 directs the Prothonotary to set down on the docket, "The day, month, and year of actually entering or signing" a judgment; and, with respect to judgments by confession under warrant of attorney, or otherwise, to set down "the precise hour and minute of the day when the same was entered or taken"; and further provides, "and such judgment shall operate and take effect as liens, at and from the time so noted or entered.   *   *   *"

*Chapter* 225, *Vol.* 29, *Laws of Delaware,* relating to mechanics' liens, provides as follows:

"any judgment obtained upon such claim, as hereinafter provided, shall become a lien upon such building, house or structure, and upon the ground upon which the same is situated, erected or constructed, and shall relate back to the day upon which said work and labor was begun, or the furnishing of said material was commenced."

It is elementary that whatever is annexed permanently to the soil becomes a part thereof. 2 *Jones on*

*Liens* (3d *Ed.*), § 1457. And, there never was a time in this state when lands were not liable to be taken in execution for the payment of debts. *Flanagin v. Daws,* 2 *Houst.* 476. The code provisions determine precisely when a judgment shall become a lien on lands; and the mechanics' lien statute expressly fixes the time of commencement of the work or the furnishing of materials as the date of the lien of a judgment in those proceedings. Such judgments, by the express terms of the statute, are liens upon the "building, house or structure," and "ground upon which the same is situated, erected or constructed." No division of the lien is made or contemplated by the statute. From which it follows, upon reason and authority, that a judgment in mechanics' lien proceedings is superior to any lien entered after the commencement of the work or the furnishing of materials, but is inferior and subject to a lien already existing.

■ It is a well established principle of the law that where a property is subject to a mortgage, judgment or other encumbrance. at the time of the accrual of the mechanic's lien, such mortgage or encumbrance retains its priority and the mechanic's lien is postponed thereto, notwithstanding the value of the mortgage security is increased by the labor or the material of the mechanic's lien claimant. 40 *C. J.* 288, 289. And, the same authority, 303, states the rule to be, in the absence of an applicable statute, that an encumbrance upon the land, existing before a building is commenced, attaches to the building as it progresses, and is entitled to priority, as to the building as well as the land, over mechanics' liens arising out of the construction of the building. To the same effect are *Rockel on Mechanics' Liens,* §§ 151, 154; 18 *R. C. L.* 952; 2 *Jones on Liens,* § 1462; *Toledo, D. & B. R. Co. v. Hamilton,* 134 *U. S.* 296, 10 *S. Ct.* 546, 33 *L. Ed.* 905; *Inverarity v. Stowell,* 10 *Or.* 261; *McCullough v. Caldwell's Ex'r,* 8 *Ark.* 231; *Fordham's Appeal,* 78 *Pa.* 120; *State Trust Co. v. Morrison*

(*Tex. Com. App.*), 282 *S. W.* 214; *Jessup v. Stone,* 13 *Wis.* 466; *Choteau v. Thompson,* 2 *Ohio St.* 114; *Preston v. Sonora Lodge,* 39 *Cal.* 116; *Zehner v. Johnston,* 22 *Ind. App.* 452, 53 *N. E.* 1080; *National Bank v. Danforth,* 80 *Ga.* 55, 7 *S. E.* 546; *Payne v. Wilson,* 74 *N. Y.* 348; *Blackmar v. Sharp,* 23 *R. I.* 412, 50 *A.* 852.

While the question has never been raised directly in this state, possibly for the reason that it has been considered heretofore that no arguable question exists, our courts have given some expression of their views. *In re Elder,* 3 *W. W. Harr.* (33 *Del.*) 11, 129 *A.* 510, 511, primarily was concerned with the question of prorating a fund in the Sheriff's hands between several mechanics' lien claimants, where the property was sold under mortgage foreclosure, and not by foreclosure of a mechanic's lien judgment. The Court, in construing the statute authorizing a pro-ration of a fund between several mechanics' lien claimants, held that it did not apply where the sale was under a *levari facias* on a mortgage, and, in the course of illustrative reasoning, offered this dictum,

"Certainly the ordinary judgment would not lose its priority over the junior mechanic's lien judgments."

The precise question in *Hance Hardware Co. v. Denbigh Hall, Inc.,* 17 *Del. Ch.* 234, 152 *A.* 130, 132, was whether the lien of a building construction mortgage upon vacant premises, by the terms of which the mortgagee was irrevocably bound to make the advancements contemplated by the mortgage, was superior to the liens of judgments in mechanics' lien proceedings subsequently entered. The fund was in the hands of a receiver for the defendant, and the Chancellor, having been called upon to determine the ranking order of the liens, held that the lien of the mortgage was the superior lien, saying,

"The mechanic's lien created by the Delaware statute, unlike the lien created by statute in some of the American states, gives to the

lienors a priority only over liens and encumbrances obtained subsequently to the beginning of the work or the commencing of the furnishing of materials."

We are of the opinion that these expressions correctly state the law. The mechanics' lien act affords a special remedy unknown to the common law, and it must be strictly construed. *In re Republic Engineering Co.*, 3 *W. W. Harr.* (33 *Del.*) 81, 130 *A*. 498. The statute does not purport to disturb the effect of the general statutes establishing the priority of judgment liens, thereby to give priority to mechanics' lien judgments over existing liens, nor can we give such priority, unless we go beyond the contemplation of the statute, and indulge in the reprehensible practice of legislating judicially.

The contention of the mechanics' lien claimants is that they have prior claims to the value of the building; that it is practicable, and consonant with justice and sound principles of business and equity to sever the value of the land from the value of the building, and to distribute the fund accordingly. They object, as expressed in their counsel's brief, to permitting judgment creditors, not having relied upon the value of the building as security, to "grab off the fruits of their labor and materials." First, it may be said that this sort of argument is one properly to be addressed to the legislature, but not to the Courts under the provisions of the statute with which we are concerned. Moreover, it is not difficult to suggest reasons why the contention of unfairness and want of justice is not sound. Creditors, who, under mechanics' lien statutes, may avail themselves of this protection, are favored far beyond those who have claims, equally just, and it is not easily apparent why this form of favoritism should be carried to the extent of depriving a judgment creditor of that which is his by the law of the land, nor why a judgment creditor should be compelled to forego a lawful status, in favor of one, who has failed to exercise that common prudence which consists

in an examination of the public records to ascertain the existence of liens. The predicament in which these mechanics' lien claimants find themselves was brought about by their own neglect, the consequences of which ought not fairly to be visited upon those who, not responsible for that lack of care, and having been prudent, rest their rights upon established law.

The money will be applied to the satisfaction of the ordinary judgments in the order of their priority until the fund is exhausted.