**J. I. KISLAK MORTGAGE CORPORATION OF DELAWARE, a Corporation of the State of Delaware, Plaintiff,**

v.

**WILLIAM MATTHEWS BUILDER, INC.,** a Corporation of the State of Delaware, Defendant,

Bachman and Wood, Inc., a Corporation of the State of Delaware, Intervenor.

Superior Court of Delaware, New Castle.

Feb. 1, 1972.

John M. Metten (now deceased), of Metten, Healy & Collins, Wilmington, for plaintiff.

David Snellenburg, II, of Snellenburg & Sandstrom, Wilmington, for defendant.

C. Waggaman Berl, Jr., of Booker, Green, Shaffer, Berl & Wise, Wilmington, for intervenor.

## OPINION

CHRISTIE, Judge.

This is an action by J. I. Kislak Mortgage Corporation of Delaware, a mortgage lender, against William Matthews Builders, Inc., its borrower, to foreclose on a construction mortgage. A subcontractor, Bachman and Wood, Inc., has intervened, seeking priority for certain mechanics' liens. The intervenor contends that funds disbursed by the mortgage lender after the date that the intervenor commenced work are junior to its mechanics' liens. The mortgage lender asserts that since its construction mortgage was executed and recorded before any work was done, its total disbursements have priority over any and all of the intervenor's mechanics' liens.

In 1964, the Kislak Mortgage Corporation entered into a construction loan agreement with the Matthews Builders Corporation, whereby Kislak covenanted to advance funds to Matthews upon the completion of certain phases of the construction. To ensure that the builder was fulfilling its obligations under the agreement, Kislak

appointed a field representative to make on site inspections. This representative was to determine whether work was done in a good and workmanlike manner, to what state the work had progressed and whether the materials and fixtures usually installed at a given stage had been, in fact, installed. When the work had progressed to specified points, the field representative was to authorize progress payments under the construction loan agreement. Unknown to Kislak, its own representative fraudulently authorized progress payments for work that had not actually been done and as a result some subcontractors were fully paid while certain of the subcontractors, including Bachman and Wood, were not paid for their work.

The intervenor, Bachman and Wood, was the masonry subcontractor for this project construction and supplied labor and materials during the period when the advances were made to the defendant. After all of the advances had been distributed without paying the intervenor and after mortgage foreclosure proceedings had commenced, the intervenor filed its mechanics' liens. It now seeks to have its liens given priority over the mortgage lien and has moved for summary judgment.

■ The lien of judgment for a mechanics' lien relates back to the time that the contractor commenced work or first supplied material. 25 Del.C. § 2718. Di Mondi v. S & S Builders, Inc., 11 Terry 123, 124 A.2d 725 (Del.1956). Generally speaking, in the case of each mechanics' lien obtained by Bachman and Wood, funds in excess of these liens were advanced by Kislak to Matthews Builders after the effective date of the mechanics' liens. Thus, if the mechanics' liens take priority over later advancements under the construction mortgage, the intervenor would be entitled to recover the full amount of its mechanics' liens before funds would be available to satisfy the mortgage loan.

■ In the usual case it is apparent that a mortgage lien would take priority over a mechanics' lien that was filed after the effective date of the mortgage provided none of the work covered by the mechanics' lien was done prior to the recording of the mortgage. C. L. Pierce & Co. v. Security Trust Co., 6 W.W.Harr. 348, 175 A. 770 (Del.Super.1934). However, there is an exception to the rule which applies when a construction loan agreement covering a construction mortgage provides for progress payments over a period of time and some of the disbursements are voluntarily made at a time subsequent to the effective date of the mechanics' lien.

■ Generally, where the making of the advances is obligatory upon the mortgagee, the mortgage receives priority over a mechanics' lien when the mortgage has been recorded before the mechanics' lien attaches, despite the fact that advances are actually given subsequently to this time. Hance Hardware Co. v. Denbigh Hall, Inc., 17 Del.Ch. 234, 152 A. 130 (1930); New York & Suburban Federal Sav. & Loan Ass'n v. Fi-Pen Realty Co., 133 N.Y.S.2d 33 (Sup.1954). However, where a mortgage is recorded prior to the time that a mechanics' lien attaches to the property and it is optional with the mortgagee as to whether a further advance is to be made, and where the mortgagee has made an advance with knowledge of the fact that the mechanics' lien has already attached, to the extent of such later advances, the mortgage is inferior to the mechanics' lien. See Hance Hardware Co. v. Denbigh Hall, Inc., *supra;* Gray v. McClellan, 214 Mass. 92, 100 N.E. 1093 (1913); 80 A.L.R.2d 179.

In the instant case, the building loan agreement provided in part that:

3. None of the said respective installments or any part thereof, not theretofore paid over shall be required to be made by Lender unless and until Borrower shall procure and deliver to Lender

original receipts or such other evidence as shall be satisfactory to Lender, showing that any installment received theretofore under this Agreement has been disbursed fully and properly to materialmen, laborers, subcontractors, and to any other person, firm or corporation providing or furnishing materials or labor or both, in connection with the construction of said improvements on the above mentioned premises. \* \* \*

■ Thus, before Kislak was obligated to disburse further advances, it was entitled to receipts showing that the costs incurred by Matthews Builders had been paid. Kislak had no duty to advance funds until this condition was met. The plaintiff concedes that it did not enforce this condition and that, in fact, disbursements were made despite the defendant's failure to present the receipts in accordance with the agreement. I conclude, therefore, that any disbursements advanced by the plaintiff were voluntary and optional since it had no duty to advance these funds under the agreement. That the plaintiff should have considered such payments as optional is supported by paragraph 7 of the agreement which provided that:

7. Lender, may, *at its option,* advance any installment in whole or in part before the same becomes due hereunder or without requiring compliance with the conditions precedent to its obligation to so advance; \* \* \*. (emphasis added).

■ Having determined that the advances were optional, it is now necessary to consider whether they were made with knowledge that possible mechanics' liens were already in the making. As previously noted, the plaintiff had a representative in the field who had notice or knowledge of the conditions under which the construction was conducted. Notice of an agent acquired while acting within the scope of his authority is imputable to the principal. Nolan v. Eastern Co., 241 A.2d 885 (Del. Ch.1968) aff'd 249 A.2d 45 (Del.1968). Vechery v. Hartford Acc. & Indem. Ins. Co., 10 Terry 560, 121 A.2d 681 (Del. 1956).

Kislak as mortgagee advanced funds voluntarily after it had reason to know that work for which a mechanics' lien could be filed was in progress and had not been paid for.

■ Kislak did not have actual notice of attachment at the time that the advancements were made but it is charged with knowledge of the law that mechanics' liens relate back and it did make the payments voluntarily without requiring receipts even though certain subcontractors had not been paid. Kislak had the opportunity to protect itself by withholding further advances until receipts were furnished. It did not do so. Under the circumstances, I conclude that where a mortgagee makes voluntary advances, while aware that work for which a mechanics' lien could be filed is in progress, to the extent of these voluntary and subsequent advances, the mortgage lien is inferior to the mechanics' lien.

■ As between a subcontractor which did not have the protection of a construction loan agreement and a mortgage lender which did not avail itself of the protection it had under the agreement it is not inappropriate under Delaware law that the mortgage lender bear the loss. Accordingly, summary judgment will be entered in favor of the intervenor.

It is so ordered.